HERBERT SACHS, ESQ.
Nevada Bar No. 2785
819 South Sixth Street
Las Vegas, Nevada 89101
(702) 387-0400
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

COREY KINDINGER,            )
                            )   CASE NO:
            Plaintiff,      )
                            )
vs.                         )
                            )
BOULDER STATION CASINO, a Nevada )
Corporation,                )   **COMPLAINT**
                            )   **JURY TRIAL DEMANDED**
            Defendant.      )
_____)

Plaintiff, by and through his Attorney, HERBERT SACHS, ESQ., complaining of the defendants, alleges as follows:

**INTRODUCTION**

1. This is an action, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.2000e-5f for employment discrimination based upon sexual orientation and reprisal. Plaintiff seeks appropriate monetary relief as well as appropriate equitable and other relief to redress the wrongdoing complained of herein.

**STATEMENT PURSUANT TO LOCAL RULE**

2. For purposes of complying with Local Rule 7.1-1, plaintiff states that he has no corporate parent, subsidiary or affiliate and that there are no other interested parties.

**JURISDICTION & VENUE**

3. Jurisdiction of the Court over this controversy is based upon 42 U.S.C. $2000e-5(f).

4  Defendant (hereinafter Boulder*)* was and still is a *,* Nevada corporation duly organized and existing pursuant to the laws of the State of Nevada with its principal office located within the District of Nevada at 4111 Boulder Highway, Las Vegas, Nevada 89121.

1

5. Defendant was and still is a domestic corporation whose employees perpetrated the acts complained of herein. Defendant's principal place of business, within the District of Nevada is at 4111 Boulder Highway, Las Vegas, Nevada 89121. This is the location where relevant employment records are maintained, the location at which plaintiff worked and where the complained of actions occurred.

6. Accordingly, under 28 U.S.C. $1391 and 42 U.S.C. $2000e-5(f)(3), venue is proper within the District of Nevada.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**7.** On or about June 15, 2005, plaintiff filed a written Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), [Charge No. 34B-A5-00878 revised to Amended Charge No.34B-2025-008-78] an Amended Charge filed on December 20, 2005.

8. In said Charge of Discrimination, plaintiff alleged that defendant herein had discriminated against his based upon his sexual orientation. In said Charge of Retaliation, plaintiff alleged that he has been retaliated against on account of filing the Charge of Discrimination.

9. On June May 16, 2006, the EEOC issued a "Notice of Right to Sue" to plaintiff with reference to the Charge of Discrimination. The Notice of Right to Sue advised plaintiff of his right to file an action against defendant in the appropriate federal court within ninety (90) days of his receipt thereof.

10. Plaintiff filed this complaint within 90 days of receiving the Notice of Right to Sue from the EEOC.

**PARTIES**

11. That at all the times hereinafter mentioned, Plaintiff, after mentioned, was and still is a citizen of the State of Nevada, County of Clark, currently residing at 1901 Golden Shadow Ct., Henderson, Nevada 89015.

12. Defendant is a Nevada domestic corporation duly organized and existing pursuant to the laws of the State of Nevada and maintains a principal place of business at 4111 Boulder Highway, Las Vegas, Nevada 89121.

13. Defendant is engaged in an industry and/or activity affecting commerce, as defined

in 42 U.S.C. $2000e(g)(h).

14. At all the times hereinafter mentioned, defendant had and still has, at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Therefore, defendant is "an employer" for purposes of 42 U.S.C. 2000e, .;42 U.S.C. 912101 .

## FACTS

15. Plaintiff, was employed as a Room Services Server/cashier and Banquet Waiter by Defendant in which position he has served in since or about January 24, 1997. At all times hereinafter mentioned, plaintiff had been employed under the direct supervision of, amongst others, Henry Garcia.

16. During the time that plaintiff has been employed by defendant his job performance, attendance and punctuality had been exemplary.

17. Beginning in or about 2000-2001 and continuing to the present time, defendant and its agents have subjected plaintiff to unwelcome sexual harassment in the workplace. This sexual harassment has been pervasive, unfair, discriminatory and disruptive to plaintiffs title, position, job duties and physical and psychological well-being. The actions and conduct of defendant and their agents, servants and employees constitute unlawful behavior and their purpose was and is to create and allow to continue an intimidating, hostile and offensive work environment.

18. Defendant and their agents, servants and employees, by their actions, have also treated plaintiff differently from employees on account of his sexual orientation.

19. Plaintiff has repeatedly made defendant aware of the complained of actions by defendant's supervisory personnel and specifically Henry Garcia. Their investigations of plaintiff's allegations were incomplete, inaccurate and a total distortion of what occurred. Defendant has taken no visible action to rectify the situation, but, instead, have ratified, condoned and acquiesced in their supervisory personnel's acts and, thus, excused the complained of behavior.

20. The complained of acts, include, but are not limited to:derogatory sexual statements

21. Plaintiff further alleges that, after filing his Charge of Discrimination, defendant and his agents undertook a series of acts of retaliation and reprisal against him. These acts of

discrimination include, but are not limited to: derogatory sexual statements, bad & false reference making it impossible to obtain employment, etc.

22. The discriminatory actions and inactions of defendants and their agents, have caused plaintiff a great deal of anguish, pain, humiliation and embarrassment.

23. Plaintiff alleges that the foregoing actions by defendants and their agents violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. S2000e. in that the actions of defendants and their agents constitute unlawful employment practices because of plaintiffs sexual preference, to wit: he is a gay man.

24. By their actions, defendants and their agents treated plaintiff differently from other employees on account of his sexual orientation and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. S2000e etc. and NRS 613.420.

25. Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 52000e etc. and NRS 613.420.  Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

26. The discriminatory acts of defendants and their agents were intentional and were performed with ill will and reckless indifference to plaintiffs protected rights.

27. By reason of the actions and inactions of defendants and their agents, whereby defendants and their agents have engaged in unlawfully discriminatory practices based upon plaintiffs sexual orientation, plaintiff has been severely damaged. Plaintiff has suffered loss of economic benefits. His current employment was terminated.  His future career and advancement opportunities are at stake with loss of salary and benefits due to the relentless manner in which he has been harassed and discriminated against.  Plaintiff has also been damaged physically and emotionally.  He has developed anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff has been unable to eat properly, sleep properly and concentrate. His quality of life has suffered damage.

Plaintiff is unable to live life in the manner that he previously had. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

28. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records and an end to the harassment; and is entitled to compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorneys fees, expert fees, costs and disbursements.

## COUNT II

29. Plaintiff alleges that the foregoing actions by defendants and their agents, which occurred subsequent to plaintiff filing his initial Charge of Discrimination, violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 32000e as well as NRS 613.420.in that defendants and their agents' actions constitute unlawful employment practices, retaliation and reprisal, in that defendants and their agents discriminated against plaintiff and undertook the complained of actions because he filed said Charge.

30. By their actions, defendants and their agents treated plaintiff differently from other employees on account of retaliation and reprisal and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 52000, etc. as well as NRS 613.420.

31. Defendants and their agents cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 52000, etc. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

32 The discriminatory actions of defendants and their agents were intentional and were performed with ill will and reckless indifference to plaintiffs protected rights.

33. By reason of the actions and inactions of defendants and their agents, whereby defendants and their agents have engaged in unlawful discriminatory practices based upon plaintiffs protected activity, plaintiff has been severely damaged. Plaintiff has suffered loss of economic

benefits. His employment has been terminated. His future career retention and advancement opportunities are at stake with loss of salary and benefits due to the relentless manner in which he has been harassed and discriminated against. Plaintiff has also been damaged physically and emotionally. He has developed anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff has been unable to eat properly, sleep properly and concentrate. His quality of life has suffered damage. Plaintiff is unable to live life in the manner that he previously had. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

34. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records and an end to the harassment; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorneys fees, expert fees, costs and disbursements.

## COUNT III

35. Plaintiff alleges that the complaint of actions by defendants and their agents violate NRS Section 610.330, in that defendant's actions constitute unlawful employment practices because of plaintiffs sexual orientation.

36. By their actions, defendants and their agents treated plaintiff differently from other employees on account of his sexual orientation and discriminated against him in compensation, terms, conditions and privileges of employment in violation of NRS 610.330.

37. Defendants and their agents cannot demonstrate any legitimate nondiscriminatory reason for the actions complained of herein; nor can their actions be otherwise justified. Any alleged non-discriminatory reason is nothing more than a pretext so that defendant and its agents could attempt to mask their actions.

38. The discriminatory acts of defendants and their agents were intentional and were performed with ill will and reckless indifference to plaintiffs protected rights.

39. By reason of the actions and inactions of defendants and their agents, whereby defendants and their agents have engaged in unlawful discriminatory practices based upon plaintiffs

1 sexual preference, plaintiff has been severely damaged. Plaintiff has suffered loss of economic
2 benefits. His current employment is gravely jeopardized. His future career retention and
3 advancement opportunities are at stake with possible loss of salary and benefits due to the relentless
4 manner in which he has been harassed and discriminated against. Plaintiff has also been damaged
5 physically and emotionally. He has developed anxiety, depression, emotional stress and has suffered
6 embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff has
7 been unable to eat properly, sleep properly and concentrate. His quality of life has suffered damage.
8 Plaintiff is unable to live life in the manner that he previously had. In addition, plaintiff has incurred
9 attorney's fees in order to rectify the situation.

10     40.    Because of the actions complained of, plaintiff has become entitled to appropriate
11 injunctive and monetary relief, including an expungement of all discrirninatorily motivated records
12 and an end to the harassment; compensatory and punitive damages in an amount to be determined
13 at trial, together with appropriate interest thereon; and an award of attorneys fees, expert fees, costs
14 and disbursements.

## COUNT IV

16     41.    Plaintiff alleges that the foregoing actions by defendants and their agents, which
17 occurred subsequent to plaintiffs filing her initial Charge of Discrimination, violate, specifically
18 Section 610.330 et seq., in that the actions of defendants and their agents constitute unlawful
19 employment practices because of retaliation and reprisal, in that defendants and their agents have
20 discriminated against plaintiff and undertaken the complained of actions because he filed said
21 Charge.

22     42.    By their actions, defendants and their agents treated plaintiff differently from other
23 employees on account of retaliation and reprisal and discriminated against her in compensation,
24 terms, conditions and privileges of employment in violation of Nevada NRS, specifically
25 NRS610.330 et seq.

26     43.    Defendants and their agents cannot demonstrate any legitimate nondiscriminatory
27 reason for the actions complained of herein; nor can their actions be otherwise justified under
28 Nevada NRS specifically NRS 610.330 et seq. Any alleged non-discriminatory reason is nothing

more than a pretext so that defendants and their agents could attempt to mask their actions.

44. The discriminatory actions of defendants and their agents were intentional and were performed with ill will and reckless indifference to plaintiffs protected rights.

45. By reason of the actions and inactions of defendants and their agents, whereby defendants and their agents have engaged in unlawful discriminatory practices based upon plaintiffs protected activity, plaintiff has been severely damaged. Plaintiff has suffered loss of economic benefits. His current employment is gravely jeopardized. His future career retention and advancement opportunities are at stake with possible loss of salary and benefits due to the relentless manner in which he has been harassed and discriminated against. Plaintiff has also been damaged physically and emotionally. He has developed anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff has been unable to eat properly, sleep properly and concentrate. Her quality of life has suffered damage. Plaintiff is unable to live life in the manner that he previously had. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

46. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records and an end to the harassment; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon; and an award of attorneys fees, expert fees, costs and disbursements.

JURY DEMAND

47. Plaintiff herein demands a trial by jury of all issues in this action.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff respectfully requests that he be awarded the following relief:

a. on Count I, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records and an end to the harassment; compensatory and punitive damages in an amount to be determined at trial togethim with appropriate interest thimeon;

b. on Count II, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records and an end to the harassment; compensatory and punitive

1  damages in an amount to be determined at trial togethim with appropriate interest thimeon;

2      c.    On Count III, appropriate injunctive and monetary relief, including an expungement
3  of all discriminatorily motivated records and an end to the harassment; compensatory and punitive
4  damages in an amount to be determined at trial togethim with appropriate interest thimeon;

5      d.    on Count IV, appropriate injunctive and monetary relief, including an expungement
6      e.    of all discriminatorily motivated records and an end to the harassment; compensatory
7  damages in an amount to be determined at trial together with appropriate interest thimeon;

8      f.    an award of attorney's fees, expert fees, costs and disbursements; and

9      g.    such other and further relief as this Court may deem just and proper.

10  Dated this 12th day of July, 2006.

Respectfully submitted,

_____
HERBERT SACHS, ESQ.
Nevada Bar No. 2785
819 South Sixth Street
Las Vegas, Nevada 89101
(702) 387-0400
Attorney for Plaintiff